IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FUNMILAYO FRANKLIN and<br>JAMES FRANKLIN<br><br>　　　Plaintiffs,<br><br>vs.<br><br><br>STEVEN A. PRIDDLE, M.D.,<br><br>　　Serve at:　1620 Charles Place<br>　　　　　　Manhattan, KS 66502<br><br>　　and<br><br>THE WOMEN'S HEALTH GROUP, P.A.,<br><br>　　Serve registered agent at:<br>　　　Anne Wigglesworth, M.D.,<br>　　　1133 College Avenue<br>　　　Manhattan, KS 66502<br><br>　　and<br><br>LABONE INC.,<br><br>　　Serve registered agent at:<br>　　　Corporation Service Company<br>　　　200 SW 30th Street<br>　　　Topeka, KS 66611<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 10-CV-2055 CM/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

- 1 -

COME NOW the plaintiffs, and for their causes of action against the defendants allege and state as follows:

## PARTIES

1.      Plaintiffs Funmilayo Franklin and James Franklin reside together in Montgomery County, Maryland, along with their children, A.A.F. (hereinafter "Baby A") and A.F.F. (hereinafter "Baby B").  At all times relevant herein, plaintiffs were and are lawfully married.

2.      Defendant Steven A. Priddle, M.D., (hereinafter "Priddle") is now and has been at all relevant times herein a physician licensed to practice medicine in the State of Kansas, as a specialist and offering obstetrical and gynecological services to his patients.  At all relevant times herein, a physician/patient relationship existed between plaintiffs and defendant Priddle.  Defendant Priddle can be served at his principal place of business in Riley County, Kansas, at 1620 Charles Place, Manhattan, KS 66502.

3.      Defendant The Women's Health Group, P.A., (hereinafter "Health Group") is now and has been at all relevant times herein a Kansas corporation and duly-licensed health care provider offering its patients obstetrical and gynecological services.  Defendant Health Group's principal place of business is in Riley County, Kan.  At all relevant times herein, defendant Health Group was acting by and through its agents, servants and/or employees, some of which are nurses, nursing assistants, aides and other health care providers. Defendant Health Group can be served through its registered agent, Anne Wigglesworth, M.D, 1133 College Avenue, Manhattan, KS 66502.

4.      Defendant LabOne, Inc., (hereinafter "LabOne") was at all relevant times herein a Missouri corporation and a medical laboratory services provider.  At all relevant times herein,

defendant LabOne was acting by and through its agents, servants and/or employees. Defendant LabOne is registered to do business in the state of Kansas and can be served through its registered agent, the Corporation Service Company, 200 SW 30th Street, Topeka, KS 66611.

## JURISDICTION AND VENUE

5.   The United States District Court for the District of Kansas has original jurisdiction in this action pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.   The Court has personal jurisdiction over defendants, because defendants Priddle and Health Group are residents and citizens of the state of Kansas and do business in Kansas, because defendant LabOne is registered to do business and has a registered agent for service of process in the state of Kansas, and because defendant LabOne's contacts with Kansas are substantial, systematic and continuous such that the exercise of general personal jurisdiction over defendant LabOne is fair, just and appropriate. Jurisdiction is also proper because defendants committed negligent acts within the state of Kansas.

7.   Venue is proper in the United States District Court for the District of Kansas, Kansas City, Kansas, pursuant to 28 U.S.C. § 1391, as defendants reside and transact business in this judicial district, a substantial part of the omissions giving rise to the claims occurred in this judicial district, and defendants are subject to personal jurisdiction in this judicial district.

## FACTS AND ALLEGATIONS

8.   All actions of the nursing staff, aides, assistants, agents, servants and employees of defendants Health Group and LabOne were performed within the scope of their respective

employments or agencies, and defendants Health Group and LabOne are vicariously liable for the actions of their respective agents, servants and/or employees.

9. In 2006, plaintiffs resided in Manhattan, Kan. There, Funmilayo Franklin employed the professional services of defendants Priddle and Health Group to provide ongoing gynecological and obstetrical services relating to a pregnancy, establishing a relationship between defendants Priddle and Health Group and plaintiff Funmilayo Franklin. Plaintiff Funmilayo Franklin remained under the care of defendants Priddle and Health Group throughout her pregnancy, which resulted in the birth of child Ava Franklin on April 19, 2007.

10. As part of these gynecological and obstetrical services, plaintiff Funmilayo Franklin underwent a blood test on or about September 12, 2006.

11. This blood test indicated elevated hemoglobin S.

12. The presence of hemoglobin S is consistent with sickle cell trait. This result, i.e., the presence of elevated hemoglobin S, was reported by defendant LabOne to defendants Priddle and Health Group on or shortly after September 12, 2006.

13. Defendant Health Group personnel, when transcribing the test results into plaintiff Funmilayo Franklin's medical chart, mistakenly indicated elevated hemoglobin F as opposed to hemoglobin S.

14. Alternatively, an error at defendant LabOne's testing laboratory incorrectly identified elevated hemoglobin F as opposed to hemoglobin S in the September 12, 2006, test.

15. Alternatively, defendant LabOne misreported the results of the September 12, 2006, test as indicating elevated hemoglobin F as opposed to hemoglobin S.

16.    Plaintiff Funmilayo Franklin was referred by defendants Priddle and Health Group to Raonak Ekram, M.D., a specialist in hematology and oncology in Lawrence, Kan., on September 20, 2006.

17.    A blood test was performed at Lawrence Memorial Hospital in Lawrence, Kan., on September 20, 2006.

18.    The September 20, 2006, test indicated a normal level of hemoglobin F but a high level of hemoglobin S.

19.    The September 20, 2006, test results were reported to defendant Priddle on or before September 26, 2006.

20.    The September 20, 2006, test results were reported to defendant Health Group on or before September 26, 2006.

21.    A hard copy of the September 20, 2006, test results was received by defendant Priddle on or before September 26, 2006.

22.    A hard copy of the September 20, 2006, test results was received by defendant Health Group on or before September 26, 2006.

23.    Defendant Priddle was aware of the September 20, 2006, test results on or before September 26, 2006.

24.    Defendant Health Group was aware of the September 20, 2006, test results on or before September 26, 2006.

25. Defendants Priddle and/or Health Group requested that plaintiff James Franklin undergo a blood test to determine if he carried a genetic abnormality that, when combined with plaintiff Funmilayo's sickle cell trait, can result in sickle cell disease in a child.

26. On September 26, 2006, plaintiff James Franklin had blood drawn in Manhattan, Kan.

27. This care created a patient/physician relationship between plaintiff James Franklin and defendants Priddle and Health Group.

28. Plaintiff James Franklin's September 26, 2006, blood draw was then sent to a Lenexa, Kan., testing facility owned and operated by defendant LabOne, doing business then as LabOne, Inc.

29. The LabOne test determined that plaintiff James Franklin had beta thalassemia.

30. When combined with a parent with sickle cell trait, beta thalassemia can result in a child with sickle cell disease, specifically sickle cell beta thalassemia.

31. Plaintiff James Franklin's test results were entered into plaintiff Funmilayo's medical chart.

32. None of the defendants notified plaintiffs that plaintiff James Franklin's blood test was consistent with beta thalassemia.

33. After plaintiff James Franklin's September 26, 2006, blood test, a nurse from defendant Health Group contacted plaintiff Funmilayo Franklin to advise her that plaintiff James Franklin did not carry a genetic abnormality pre-disposing a child to sickle cell disease and thus, plaintiffs' children would not have sickle cell disease.

34. On or shortly after September 26, 2006, it was foreseeable by defendants that plaintiffs would have future children, and defendants therefore owed a duty of care to plaintiffs' future children.

35. In 2006 and 2007, Defendants Priddle and Health Group did not notify plaintiffs that plaintiff James Franklin's blood test was positive for beta thalassemia or that their offspring were at risk for inheriting sickle cell disease.

36. On April 19, 2007, plaintiff Funmilayo Franklin gave birth to Baby A, who does not have sickle cell disease.

37. In July 2007, plaintiff Funmilayo Franklin learned that she was pregnant. She continued to receive gynecological and obstetrical treatment from defendants Priddle and Health Group.

38. In January 2008, plaintiffs moved to Maryland, where they continue to reside today.

39. On March 25, 2008, plaintiff Funmilayo Franklin gave birth to their second child, Baby B.

40. On April 14, 2008, the office of Wendall McKay, M.D., who is Baby B's pediatrician, received a call from the Maryland Department of Health and Mental Hygiene stating that Baby B's initial newborn blood screen was consistent with sickle cell disease. Further testing confirmed that Baby B has sickle cell beta thalassemia, a form of sickle cell disease.

41. Had defendants informed plaintiffs of the correct results of their blood tests, plaintiffs would have either not had additional children after the birth of Baby A or would have

used alternative fertilization techniques to conceive additional children. As a result, plaintiffs would not have conceived a child with sickle cell disease.

42. As a result of her sickle cell beta thalassemia, Baby B has suffered and will continue to suffer severe and debilitating medical injuries and handicaps that have required and will continue to require plaintiffs to care for and to pay for medical care and treatment and other services.

43. Also a result of her sickle cell beta thalassemia, Baby B and plaintiffs have suffered past and future pain and suffering, past and future emotional distress and mental anguish, past and future lost income and loss of enjoyment of life.

### COUNT I – NEGLIGENCE OF DEFENDANT LABONE

44. Defendant LabOne owed a duty of care to plaintiffs as the medical testing facility tasked with analyzing and reporting their blood tests.

45. Defendant LabOne violated its duty through its careless and negligent testing and reporting of plaintiffs' blood tests.

46. As a direct and proximate result of defendant LabOne's negligence, plaintiffs were injured and sustained damages, including past and future medical expenses required to care and treat Baby B's sickle cell beta thalassemia and resulting complications; past and future pain and suffering; past and future emotional distress and mental anguish; past and future loss of income; and loss of enjoyment of life.

### COUNT II – NEGLIGENCE OF DEFENDANT PRIDDLE

47. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 46 of this Complaint as though fully set forth below.

48.    Defendant Priddle owed a duty to plaintiffs to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by physicians in his profession in the care, treatment and management of plaintiffs Funmilayo Franklin and James Franklin.

49.    Defendant Priddle was careless and negligent in his medical care, treatment and management of plaintiffs.

50.    As a direct and proximate result of defendant Priddle's negligence, plaintiffs were injured and sustained damages, including past and future medical expenses required to care and treat Baby B's sickle cell beta thalassemia and resulting complications; past and future pain and suffering; past and future emotional distress and mental anguish; past and future loss of income; and loss of enjoyment of life.

### COUNT III – NEGLIGENCE OF DEFENDANT HEALTH GROUP

51.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 50 of this Complaint as though fully set forth below.

52.    Defendant Health Group, through its nurses, nursing assistants, technicians or other agents, servants and employees, owed a duty of care to plaintiffs.

53.    Defendant Health group, through its nurses, nursing assistants, technicians or other agents, servants and employees, was negligent and careless in its medical care, treatment and management of plaintiffs.

54.    As a direct and proximate result of defendant Health Group's negligence, plaintiffs were injured and sustained damages, including past and future medical expenses required to care and treat Baby B's sickle cell beta thalassemia and resulting complications; past

and future pain and suffering; past and future emotional distress and mental anguish; past and future loss of income; and loss of enjoyment of life.

## COUNT IV – RES IPSA LOQUITOR

55. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 of this Complaint as though fully set forth below.

56. At all time relevant herein, defendants had within their exclusive control plaintiffs' September 12, 20 and 26, 2006, blood tests and results.

57. The failure to inform a patient that her offspring are at risk for a serious disease such as sickle cell disease does not ordinarily occur in the absence of negligence.

58. No fault of plaintiffs caused or contributed to cause Baby B to be born with sickle cell beta thalassemia.

59. The conception and birth of Baby B and her accompanying sickle cell beta thalassemia would not have occurred but for defendants' negligence.

60. As a direct and proximate result of defendants' negligence, plaintiffs were injured and sustained damages, including past and future medical expenses required to care and treat Baby B's sickle cell beta thalassemia and resulting complications; past and future pain and suffering; past and future emotional distress and mental anguish; past and future loss of income; and loss of enjoyment of life.

WHEREFORE, plaintiffs pray for judgment against all defendants, for all of the injuries and damages allowed by law, in an amount in excess of Seventy-Five Thousand ($75,000.00) and costs, and for any and all future relief as the Court deems just and proper.

Respectfully submitted,

Matthew E. Birch, #20223
David R. Morantz #22431
SHAMBERG, JOHNSON & BERGMAN, CHTD
2600 Grand Boulevard, Ste 550
Kansas City, Mo 64108
mbirch@sjblaw.com
dmorantz@sjblaw.com


By s/ David Morantz
   David R. Morantz, # 22431


## DESIGNATION OF PLACE FOR TRIAL

Plaintiff herein designates the United States District Court for the State of Kansas sitting in Kansas City, Kansas, as the place for trial.

By s/ David Morantz
   David R. Morantz, # 22431